UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TERESA BUTLER,

                    Plaintiff,

     -against-

NASSAU REGIONAL OFF-TRACK BETTING
CORPORATION, BOARD OF DIRECTORS of NASSAU
REGIONAL OFF-TRACK BETTING CORPORATION,
NASSAU COUNTY DEMOCRATIC COMMITTEE, and JAY
JACOBS, INDIVIDUALLY and as CHAIRMAN OF THE
NASSAU COUNTY DEMOCRATIC COMMITTEE,

                    Defendants.
------------------------------------------------------------------------X

**AMENDED
VERIFIED
COMPLAINT**

Jury Trial
Demanded On All
Issues

Plaintiff, by her attorney, Law Offices of Louis D. Stober, Jr., LLC, respectfully

alleges as follows:

## PURPOSE OF ACTION

Plaintiff commences this action for the purpose of seeking appropriate remedies

for wrongful termination and redress for violations of rights secured by the First and Fifth

Amendments of the United States Constitution, 42 U.S.C. § 1983, article I, sections 8 and

9 of the New York State Constitution, and section 201-d of the New York State Labor

Law.

## JURISDICTION AND VENUE

1.       This Court has original subject matter jurisdiction of this action as a

federal question under the United States Constitution and 42 U.S.C. § 1983, and has

jurisdiction over the common law and State law violations herein alleged pursuant to the principles of pendent jurisdiction.

2.      Venue lies in this District in that Plaintiff resides within the Eastern District of New York and the causes of action all arose within the Eastern District of New York, Nassau County, New York.

## ADMINISTRATIVE PROCEEDINGS

3.      Plaintiff filed the Verified Complaint in this action on April 9, 2007 and served it upon Defendants Nassau OTB and Board on April 19, 2007.

4.      Plaintiff filed and served upon Nassau OTB and Board a Notice of Petition to commence Special Proceeding to Serve Notice of Claim *Nunc Pro Tunc*, an Affirmation in support of the Petition to Commence Special Proceeding to Serve Notice of Claim *Nunc Pro Tunc*, a copy of the federal Verified Complaint, and a Supplement to Complaint as Notice of Claim on July 19, 2007, requesting that the court accept the April 9, 2007, federal Verified Complaint and Supplement to Complaint as Notice of Claim as notice of claim *nunc pro tunc.*

5.      By decision dated August 16, 2007, Justice John M. Galasso of the Nassau County Supreme Court of the State of New York granted Plaintiff's application. Such decision was filed in the Office of the County Clerk on September 13, 2007.

6.      Pursuant to New York Racing and Pari-Mutuel Wagering and Breeding Law section 514, at least thirty (30) days have elapsed since notice of claim was presented to Defendants Nassau OTB and its Board, and Nassau OTB and its Board have neglected or refused to make an adjustment or payment regarding such claim during that time.

## PARTIES

7.     At all times relevant herein, Plaintiff TERESA BUTLER ("Butler") is a citizen of the United States and a resident of Nassau County, New York; and at all times relevant herein was an employee of Defendant NASSAU REGIONAL OFF-TRACK BETTING CORPORATION.

8.     Defendant NASSAU REGIONAL OFF-TRACK BETTING CORPORATION ("Nassau OTB"), is a public corporation existing under the laws of the State of New York, having its main office at 220 Fulton Avenue, Hempstead, New York, and at all times relevant herein was Plaintiff's employer.

9.     Defendant BOARD OF TRUSTEES of NASSAU REGIONAL OFF-TRACK BETTING CORPORATION ("Board"), is the governing body of Nassau OTB, having its main office at 220 Fulton Avenue, Hempstead, New York, and at all times relevant herein oversaw Plaintiff's employment.

10.     At all times relevant herein, Butler was a member of Defendant NASSAU COUNTY DEMOCRATIC COMMITTEE ("NCDC"), a recognized political party, with its main offices located at 1 Old Country Road, Suite 430, in Carle Place, New York.

11.     At all times relevant herein, Defendant JAY JACOBS ("Jacobs"), acted as CHAIRMAN OF THE NASSAU DEMOCRATIC COMMITTEE and as an INDIVIDUAL residing at 1363 Ridge Road, Syosset, New York.

## FACTS

12.     In or around April of 2006, Butler transferred from her former employment with the Nassau County Office of Housing into a Nassau OTB position as Real Estate and Facilities Development Director.

3

13.     Soon after, on or about May of 2006, Tom Garry, counsel to Nassau OTB, ordered her to help as a Captain with the third district petition drive for Thomas Suozzi's gubernatorial race.

14.     Butler declined to captain the campaign, a non-work related duty, because she was studying for the Law School Admissions Test ("LSAT") while trying to work full-time. She said she would help after she took the LSAT.

15.     In retaliation, Tom Gary, counsel for Nassau OTB, threatened to fire her.

16.     Although she did not captain, Butler assisted on the Thomas Suozzi campaign.

17.     In or about June or July of 2006, Butler noticed that the staff members at Nassau OTB were working on political matters at work.

18.     She reported this activity to the District Attorney's ("DA") office as misappropriation of public funds.

19.     The DA began to call in witnesses around Election Day, sparking the entire office's anger against Butler when they learned Butler made the complaint to the DA.

20.     On or about January 23, 2007, the Corporate Affairs Office for Nassau OTB spoke to Butler concerning her complaint to the DA.

21.     In or about January of 2007, the NCDC asked Butler to act as a captain Craig Johnson's campaign for the State Senate. She agreed, but informed them that on election night, she could only stay until 5:30 p.m. because she had to attend an open house at Tuoro Law School.

22.     Jay Jacobs, the head of the NCDC, pulled Butler off of the captain's program. Although not in the role of a captain, Butler still donated time, effort, and money to the Craig Johnson campaign.

23.     During her time at Nassau OTB, Butler also led several campaigns for Democratic justices in Nassau County, and assisted in the Mejias campaign for Congress.

24.     Upon information and belief, Jay Jacobs, the head of the NCDC, spoke to Nassau OTB President Dino Amoroso, and demanded he fire Butler.

25.     On or about February 8, 2007, Nassau OTB fired Butler.

26.     Butler had the necessary qualifications to continue working as a Real Estate and Facilities Development Director at the time of her termination and her record working for Defendant Nassau OTB further demonstrates these qualifications.

27.     Plaintiff never received a bad work evaluation, reprimand, or any other disciplinary action during her work for the Defendant Nassau OTB.

28.     Upon information and belief, at the time Butler was terminated from her employment with Nassau OTB, there were no complaints about the quality or quantity of her work performance, nor did she ever receive any poor performance evaluations.

29.     Upon information and belief, there was no legitimate basis for Butler's termination.

30.     Butler suffered the adverse employment action of termination as a result of her association with parties outside the Nassau OTB office.

31.     Butler suffered the adverse employment action of termination as a result of her refusal to participate in illegal campaign activities during the working day.

32.     Butler suffered the adverse employment action of termination as a result of her report to the DA.

33.     Butler suffered the adverse employment action of termination as a result of and her refusal to participate in certain political events outside the workplace because of conflicting obligations.

## RELIEF SOUGHT

34.     Plaintiff seeks a judgment (a) directing the Defendants to cease and desist from interfering with Plaintiff's rights secured under the United States and New York State Constitutions, 42 U.S.C. § 1983, article I, sections 8 and 9 of the New York State Constitution, and section 201-d of the New York State Labor Law; (b) declaring that the acts of the Defendants, their agents and all persons acting in aid or conjunction with the Defendants are in violation of Plaintiff's rights under the United States and New York State Constitutions, 42 U.S.C. § 1983, article I, sections 8 and 9 of the New York State Constitution, and section 201-d of the New York State Labor Law, and permanently enjoining such acts; (c) declaring that the termination of Plaintiff's employment was unlawful and in violation of her rights under the United States and New York State Constitutions, 42 U.S.C. § 1983, article I, sections 8 and 9 of the New York State Constitution, and section 201-d of the New York State Labor Law; (d) ordering Defendant to reinstate Plaintiff to her former position of employment with the Nassau OTB; (e) awarding Plaintiff with payment of any sick, personal or vacation time accumulated throughout the course of her employment which was not used and/or properly compensated for; (f) awarding Plaintiff full back pay and all other emoluments of employment, as if she

had not been wrongfully terminated by Defendants, together with compensatory and punitive damages and reasonable attorneys' fees.

## COUNT I
## VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

35.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 29 inclusive, as if fully set forth herein.

36.     Plaintiff is within the protection afforded by the First Amendment.

37.     By virtue of all of the preceding paragraphs and allegations, the Defendants have violated Butler's First Amendment rights.

38.     Defendants violated the First Amendment right of freedom of association by their actions as alleged herein and when they terminated Plaintiff as an employee of OTB on the basis of her political affiliation and activities or lack thereof.

39.     Defendants violated the First Amendment right to freedom of speech by their actions alleged herein and when they terminated Plaintiff as an employee of Nassau OTB on the basis of her reports to the DA's office.

## COUNT II
## VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

40.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 34 inclusive, as if fully set forth herein.

41.     The Defendants have engaged in actions and abuses which violate and deny Plaintiff's due process rights afforded under the Fourteenth Amendment of the United States Constitution by conditioning employment decisions on political affiliation, protected speech, and by denying procedural due process rights.

42.      Defendants have attempted to disguise their actions as legitimate business activity and, in doing so, have attempted to circumvent Plaintiff's Fourteenth Amendment rights.

43.      Plaintiff had a substantial interest in remaining in her position within OTB prior to her termination.   As a result of the termination, Plaintiff has suffered a loss of salary and other compensation and benefits.   The Defendants' justification for terminating Plaintiff was pretextual and, therefore, denied Plaintiff her Fourteenth Amendment rights.

## PENDANT AND SUPPLEMENTAL STATE CLAIMS

## COUNT III

## VIOLATION OF N.Y.S. CONSTITUTION ARTICLE I, SECTION 8

44.      Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 38 inclusive, as if fully set forth herein.

45.      Plaintiff is within the protection afforded by Article I Section 8 of the New York State Constitution, which makes it the constitutional policy of the State of New York to promote freedom of speech of citizens of the State of New York.

46.      By improperly terminating Plaintiff from the position of Real Estate and Facilities Development Director, the Defendants violated Plaintiff's rights secured under Article I Section 10 of the New York State Constitution to speak and associate freely.

47.      By virtue of all of the preceding paragraphs and allegations, the Defendants have violated Butler's State Constitutional Rights.

## COUNT IV

### VIOLATION OF N.Y.S. CONSTITUTION ARTICLE I, SECTION 9(1)

48.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 42 inclusive, as if fully set forth herein.

49.    Plaintiff is within the protection afforded by Article I Section 9(1) of the New York State Constitution, which makes it the constitutional policy of the State of New York to promote freedom of association of citizens of the State of New York.

50.    By improperly terminating Plaintiff from the position of Real Estate and Facilities Development Director, the Defendants violated Plaintiff's rights secured under Article I Section 10 of the New York State Constitution to speak and associate freely.

51.    By virtue of all of the preceding paragraphs and allegations, the Defendants have violated Butler's State Constitutional Rights.

## COUNT V

### VIOLATION OF NEW YORK STATE LABOR LAW SECTION 201-d(2)(a)

52.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 46 inclusive, as if fully set forth herein.

53.    Defendants violated Labor Law section 201-d(2)(a) by terminating Plaintiff on the unlawful basis of her failure to participate in all NCDC political activities outside of working hours, as directed.

## COUNT VI

### VIOLATION OF NEW YORK STATE LABOR LAW SECTION 201-d(2)(c)

54.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 48 inclusive, as if fully set forth herein.

9

55.     Defendants violated Labor Law section 201-d(2)(c) by terminating Plaintiff on the unlawful basis of her legal recreational activities outside of work hours, including reading legal material, studying for the LSAT, and applying to law schools.

**WHEREFORE**, Plaintiff demands judgment against the Defendants on all Counts as follows:

(a)     Declaring that the allegations set forth in this Complaint are unlawful and in violation of the First and Fifth Amendments of the United States Constitution, 42 U.S.C. § 1983, article I, sections 8 and 9(1) of the New York State Constitution, and sections 201-d(2)(a) and 201-d(2)(c) of the New York State Labor Law.

(b)     Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the statutes set forth herein and from interfering with the Plaintiff's lawful employment as a Real Estate and Facilities Development Director of the Nassau Regional Off-Track Betting Corporation.

(c)     Ordering Defendants to reinstate Plaintiff to her former positions as Real Estate and Facilities Development Director for Defendant Nassau OTB, with back pay, front pay, and all other emoluments of employment which Plaintiff would have received if not wrongfully terminated, together with interest thereon from the date of Plaintiff's termination to the actual date of reinstatement, at a rate of 9% interest thereon;

(d)     Awarding Plaintiff compensatory damages in the sum of at least Two Million Five Hundred Thousand Dollars ($2,500,000.00).

(e)     Awarding Plaintiff punitive damages in the sum of at least One Million Dollars ($1,000,000.00).

(f)       Awarding Plaintiff reasonable attorneys' fees pursuant to 42 U.S.C. §

1988, and all other costs, disbursements and expenses of this action; and

(g)       Allowing Plaintiff such other and further relief as may be just, proper and

equitable.

## JURY DEMAND

Plaintiff hereby demands a trial jury on all issues.


Dated:  Garden City, New York
        December 14, 2007

Yours, etc.

Law Offices of Louis D. Stober, Jr., LLC
By: Louis D. Stober, Jr. (LS 9318)
Attorneys for Plaintiff
350 Old Country Road
Suite 205
Garden City, New York  11530
(516) 742-6546
(516) 742-8603 fax

## VERIFICATION

State of New York    )
                         :

County of Nassau    )

      TERESA BUTLER, being duly sworn deposes and says:

      I am the Plaintiff in the action herein.   I have read the Complaint, know the

contents thereof, and the same are true to my knowledge, except those matters therein

which are stated to be alleged on information and belief, and as to  those matters, I

believe them to be true.

 

                                         _____

                                         TERESA BUTLER

Sworn before me this
14th Day of December, 2007

 

Notary Public

**JOHN O'DEA**
**Notary Public, State of New York**
**No. 02OD6168387**
**Qualified in Westchester County**
**Commission Expires June 11, 20__**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
TERESA BUTLER,

                          Plaintiff,

     -against-

NASSAU REGIONAL OFF-TRACK BETTING
CORPORATION,

                        Defendant.
--------------------------------------------------------------------X

**VERIFIED
COMPLAINT**

**Jury Trial
Demanded On All
Issues**

## VERIFIED COMPLAINT

**LAW OFFICES OF LOUIS D. STOBER, JR., LLC**
**Attorneys for Plaintiff**
**350 Old Country Road**
**Suite 205**
**Garden City, New York 11530**
**(516) 742-6546**
**(516) 742-8603 fax**